In the United States District Court
Southern District of Texas
Houston Division

Banan Qasim,

    *Plaintiff*,

v.

P.F. Chang's China Bistro, Inc. and
P.F.C.C.B. Texas, Inc.,

    *Defendants*.

Civil Action No. 4:22-cv-2893

## Notice of Removal

### I. Introduction

1. This lawsuit arises from a slip-and-fall incident that occurred at a P.F. Chang's China Bistro restaurant in Houston, Texas.

2. On July 25, 2022, Plaintiff Banan Qasim filed suit in the 234th District Court of Harris County, Texas against P.F. Chang's China Bistro, Inc. ("P.F. Chang's) and P.F.C.C.B. Texas, Inc. ("P.F.C.C.B.").

3. As shown below, (a) the amount in controversy exceeds $75,000, (b) there is diversity of citizenship between Plaintiff and P.F. Chang's, and (c) P.F.C.C.B. is an improperly joined defendant. Therefore, P.F. Chang's exercises its right to remove this case to federal court under the Court's diversity jurisdiction.

### II. The Parties

4. Plaintiff, an individual, is—and was at all pertinent times—a citizen of the State of Texas.

5. P.F. Chang's is a Delaware corporation with its principal place of business in Arizona. Therefore, it is—and was at all pertinent time—a citizen of Delaware and Arizona for diversity purposes.

6. P.F.C.C.B. is a Texas corporation. However, it is an improperly joined defendant.

### III. Basis for Removal

A. **Amount in Controversy**

7. Plaintiff states in his Original Petition that he seeks monetary relief over $250,000. *See* Pl.'s Orig. Pet. § III. Therefore, the amount-in-controversy requirement for removal is satisfied.

B. **Complete Diversity of Citizenship Exists between Plaintiff and the Properly Joined Defendant.**

8. As noted above, (a) Plaintiff is a citizen of Texas and (b) P.F. Chang's is a citizen of Delaware and Arizona. Thus, there is diversity of citizenship between them.

C. **P.F.C.C.B. is improperly joined.**

9. A plaintiff cannot destroy diversity jurisdiction by improperly joining a non-diverse defendant. *See, e.g., Cuevas v. BAC Home Loans Servicing, L.P.*, 648 F.3d 242, 249 (5th Cir. 2011); *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). A finding of fraudulent or improper joinder is appropriate when "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." *Smallwood,* 385 F.3d at 573. This

requires "a *reasonable p*ossibility of recovery, not merely a *theoretical* one." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (quotation omitted) (emphasis in original); *accord Kling Realty Co. v. Chevron U.S., Inc.*, 575 F.3d 510, 513 (5th Cir. 2009).

10. Here, there is no reasonable possibility of Plaintiff establishing any claim against P.F.C.C.B.

11. The well-pleaded factual allegations in Plaintiff's Original Petition do not show that Plaintiff can establish any claim against P.F.C.C.B. Plaintiff's petition contains no discrete allegations specific to P.F.C.C.B., and instead only makes general allegations against both defendants.

12. Alternatively, Plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder, so the Court should pierce the pleadings and conduct a summary inquiry. P.F.C.C.B. did not own, control, or operate the restaurant facility at issue; it did not employ the restaurant staff; and it was not involved in the maintenance or cleaning of the premises. In short, P.F.C.C.B. had nothing to do with this incident.

13. Therefore, P.F.C.C.B. is an improperly joined defendant, and its citizenship is disregarded for purposes of determining diversity jurisdiction.

### IV. Venue and Timing

14. Venue is proper under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this District and Division.

15. This removal is timely because it is filed within 30 days of P.F. Chang's being served with the lawsuit, and within one year of the commencement of the action.

## V. Attachments and Notice to State Court

16. All documents required under the removal statute and the Court's local rules are attached. P.F. Chang's will promptly file a copy of this Notice of Removal and its attachments with the clerk of the state court.

Respectfully submitted,

By: /s/ Tarush R. Anand
    Tarush R. Anand
    Texas Bar No. 24055103
    S.D. Tex. Bar No. 712010
    tanand@mcglinchey.com
    McGlinchey Stafford, PLLC
    1001 McKinney, Suite 1500
    Houston, Texas 77002
    Phone: (713) 520-1900
    Fax: (713) 520-1025

**Attorney in Charge for Defendants P.F. Chang's China Bistro, Inc. and P.F.C.C.B. Texas, Inc.**

Of Counsel:

Taylor M. Watts
Texas Bar No. 24108369
S.D. Tex. Bar No. 3756389
twatts@mcglinchey.com

## **Certificate of Service**

 I certify that a true and correct copy of this document, together with any exhibits or attachments, is being served on all parties on August 25, 2022 in accordance with the Federal Rules of Civil Procedure.

           /s/ Tarush R. Anand
           Tarush R. Anand

## **Certificate of Service**

I certify that a true and correct copy of this document, together with any exhibits or attachments, is being served on all parties on August 25, 2022 in accordance with the Federal Rules of Civil Procedure.

/s/ Tarush R. Anand
Tarush R. Anand